**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4585**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

NESTOR IVAN DUARTE, a/k/a Josue Cruz Estrada,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Senior District Judge.  (1:14-cr-00107-JAB-1)

Submitted:  May 31, 2016                   Decided:  June 10, 2016

Before NIEMEYER and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James E. Quander, Jr., Winston-Salem, North Carolina, for Appellant.  Graham Tod Green, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nestor Ivan Duarte appeals his conviction and sentence for two counts of obstructing commerce by robbery, in violation of 18 U.S.C. §§ 2, 1951(a) (2012). Duarte pled guilty pursuant to a written plea agreement and was sentenced to 312 months' imprisonment and 3 years of supervised release. On appeal, counsel for Duarte filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but seeking review of the adequacy of the district court's Fed. R. Crim. P. 11 plea colloquy[*] and the reasonableness of Duarte's sentence. Duarte did not file a supplemental pro se brief, despite receiving notice of his right to do so. The Government elected not to file a response to the Anders brief. We affirm the district court's judgment.

Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charge to which the plea is offered, the penalties he faces, and the various

---

[*] Counsel asserts that the district court's plea colloquy insufficiently addressed the appellate waiver contained in Duarte's plea agreement. The Government has not sought to enforce the waiver in this case; accordingly, we conduct a full review of the record as required by Anders. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) ("If an Anders brief is filed, the government is free to file a responsive brief raising the waiver issue (if applicable) or do nothing, allowing this court to perform the required Anders review.").

2

rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the defendant's plea was voluntary, was supported by a sufficient factual basis, and did not result from force, threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2), (3); DeFusco, 949 F.2d at 119-20. "In reviewing the adequacy of compliance with Rule 11, [we] should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." DeFusco, 949 F.2d at 116.

Because Duarte did not move to withdraw his guilty plea in the district court or otherwise preserve any allegation of Rule 11 error, we review the plea colloquy for plain error. United States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014). "To prevail on a claim of plain error, [Duarte] must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights." Id. at 816. In the guilty plea context, a defendant "must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." Id. (internal quotation marks omitted). "Further, we will not correct any error unless we are convinced that a refusal to do so would seriously affect the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks omitted). We conclude that Duarte has not

3

established plain error in his Rule 11 hearing. The district court correctly found Duarte's plea knowing and voluntary.

Turning to Duarte's sentence, we review a sentence for procedural and substantive reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). We must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, or failing to adequately explain the sentence. Id. If we find the sentence procedurally reasonable, we then consider its substantive reasonableness. Id. We presume on appeal that a sentence within the properly calculated Guidelines range is substantively reasonable. United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012); see United States v. Aplicano-Oyuela, 792 F.3d 416, 425 (4th Cir. 2015) (applying presumption to term of supervised release). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014).

Upon review, we discern no procedural or substantive sentencing error by the district court. The district court correctly calculated Duarte's offense level, criminal history,

4

and advisory Guidelines range.  The court afforded the parties an adequate opportunity to present arguments concerning the appropriate sentence and provided Duarte an opportunity to allocute.  Finally, the court provided an adequate, individualized explanation of the within-Guidelines sentence. Nothing in the record rebuts the presumption that the sentence is substantively reasonable.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Duarte, in writing, of the right to petition the Supreme Court of the United States for further review.  If Duarte requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Duarte.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>